JOHN KORBY v. JOHN CHESSER.[1]

July 13, 1906.

Nos. 14,838—(198).

**Alienation of Affection—Verdict.**

A verdict of $1,500 for the alienation of the affection of respondent's wife is not excessive, and is supported by the evidence.

**Instruction to Jury.**

It was not error for the trial court, preliminary to the charge to the jury, to state certain immaterial matters contained in the pleadings; the court having subsequently fully and clearly charged the jury upon the real issue of the trial.

**New Trial—Exclusion of Evidence.**

The court having sustained an objection to certain evidence upon the specific ground that no foundation had been laid for impeachment, the party offering the evidence will not be heard, upon an application for a new trial, to urge that the evidence was admissible upon the ground that it was a part of the res gestæ.

Action in the district court for St. Louis county to recover $10,000 for the alienation by defendant of the affections of plaintiff's wife. The case was tried before Ensign, J., and a jury, which rendered a verdict in favor of plaintiff for $1,500. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*John M. Martin, Alexander Marshall,* and *Warren E. Greene,* for appellant.

*Shubael F. White* and *R. R. Briggs,* for respondent.

LEWIS, J.

Action to recover damages for the alienation of the affections of respondent's wife.

1. We shall not cumber the record with a statement of the facts upon which the action is based. Being satisfied that the evidence was sufficient to sustain the verdict, and that it was not excessive, we will give consideration only to certain assignments of error going to the rulings of the trial court.

[1] Reported in 108 N. W. 520.

2. The complaint is a voluminous document, and embraces several
allegations upon which damages might be predicated, in addition to the
particular one upon which the case went to trial, viz., damages for the
alienation of the wife's affections.   In instructing the jury the court.
made a statement of the case, based upon the allegations of the com-
plaint, which included the statement that as a result of the acts of appel-
lant he caused the reputation of respondent's wife to suffer injury, and
her bodily and mental health to be seriously impaired, resulting in great
damage to respondent, and caused injury to respondent's social and
business relations to such an extent that he was obliged to leave his
home at Virginia, Minnesota, and seek business elsewhere.  It is claimed
that this statement of facts contained in the pleadings was prejudicial
to appellant, for the reason that such facts were not proper elements
of damages entering into the real issue.  The jury could not have been
misled, and we find no reversible error here.   In the subsequent charge
to the jury the real issue was set out in such a clear and definite manner
that it was impossible for them to conceive any other issue was on trial
than the one designated by the court.   The incident illustrates, however,
the danger of reading to a jury all of the contents of the pleadings with-
out regard to materiality and permitting them to take the same into
the jury room for consideration.   Particular attention was called to the
proper practice in this respect in the late case of Mattson v. Minnesota
& N. W. R. Co., supra, page 296, 108 N. W. 517.

3. Respondent called a witness who was asked the question:

> State whether or not during that time, 1903 and 1904, you
> had any talk in town with regard to defendant Chesser and Mrs.
> Korby.

Objection made upon the ground that it was incompetent, irrelevant,
and immaterial.   The witness answered, "Yes," and was asked, "What
was the general character of that talk?"   Same objection renewed,
followed by a discussion as to its admissibility, in the course of which
the court said that the objection did not go to the impropriety of the
pleadings and allowed it, stating that he would permit the evidence
subject to the motion of the defendant to strike out, unless they proved
acts alleged in the complaint.   Counsel for appellant then asked to have
it entered upon the record that he moved to strike out any evidence that

might be given unless specific acts were shown, as pleaded. Conceding, without deciding, that the general talk of the neighborhood with respect to appellant and Mrs. Korby was not proper evidence in support of any material part of the issue, we find no error in the ruling. The objection seems to have been urged upon the theory that the evidence did not tend to prove damages upon any of the grounds alleged, and the court was not requested to make any further ruling.

4. While appellant was under redirect examination, he was asked if he had ever been accused of murdering anybody. The question was objected to as immaterial and irrelevant, and counsel for appellant then moved as follows: "I move that part of Mr. Chesser's testimony be stricken from the record." Motion denied. This ruling is assigned as error. We decline to consider this assignment for the reason that the brief does not point out the testimony referred to in the motion, and we will not undertake to read the record and determine for ourselves what counsel referred to by the motion.

5. Assignments 5 and 6 may be considered together. W. J. Deutcher, called on behalf of appellant, testified that during 1903 and 1904 he resided in Milwaukee, Wisconsin; that when Mrs. Korby left her husband and went to Milwaukee she stopped at his home. He was then asked this question:

> Did she say what reason brought her to Milwaukee? A. She did. * * * Q. Did Mrs. Korby at that time say anything to you about how Mr. Korby had been using her for a long time previous to her going to Milwaukee?

This was objected to, and sustained on the ground that the evidence was only competent for the purpose of impeachment, and that no foundation had been laid. The witness was then asked:

> Did Mrs. Korby tell you in Milwaukee as to how her husband was conducting himself within two years before that?

The court sustained an objection, and stated that it was for the purpose of impeachment and that foundation must be laid. Appellant maintains that the question was proper upon the ground that her declaration constituted a part of the res gestæ, and tended to throw light upon her reasons for leaving her husband. The admissibility of the evidence

upon that ground was neither presented nor argued before the trial court.   Objection was made upon the ground that it was incompetent as impeaching testimony, for the reason that no proper foundation had been laid, and the court so ruled.   Its admissibility upon any other ground was not suggested, and the court was thereby given to understand that no other ground would be urged for its admissibility. Whether or not such declarations might be treated as a part of the res gestæ we do not decide.

Walter Wiggins, a brother of Mrs. Korby, having been called as a witness for appellant, testified that upon a certain occasion when respondent came home intoxicated he threatened to kill appellant, and that respondent and his wife had been quarreling, and Mrs. Korby told the witness that her husband had thrown a knife at her.   This remark was objected to by respondent's counsel upon the ground that it was hearsay, and it was stricken out.   Appellant suggested no other ground, and the ruling was clearly right.   The witness was not testifying to what he personally knew.   The court having ruled upon a specific ground, viz., hearsay, it was the duty of counsel, if he maintained it was admissible upon some other ground, to then and there state it, in order that the court might act advisedly.

Judgment affirmed.